UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TABIA GUILLAUME, | * |
| Petitioner, | * |
| v. | * C.A. No. 19-10750-ADB |
| STEVEN SOUZA, Superintendent, | * |
| Respondent. | * |

MEMORANDUM AND ORDER

BURROUGHS, D.J.

For the reasons set forth below, the Court dismisses the petition for a writ of habeas corpus.

I. BACKGROUND

On April 26, 2019, Tabia Guillaume ("Guillaume" or "petitioner"), an immigration detainee at the Bristol County House of Correction, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Petition ("Pet."), Dkt. No. 1. In 2017, petitioner pled guilty to violating G.L. ch. 265, 13A(a) (assault and battery) and was sentenced in Haverhill District Court to six-months (time served). *See* Pet. at ¶¶ 1-6. However, the basis of the instant petition appears to be a challenge to an abuse prevention order that serves as a basis for Guillaume's removal from the United States. Guillaume explains that he "was enjoined with a false injunction (c. 209) for a misdemeanor non-domestic offense which is civil in nature (c. 258E) [harassment prevention orders]." *See* Pet. at ¶ 12 (Ground One (a)). Guillaume complains that an abuse prevention order had been issued against him for "a non-domestic relationship just because [he had a female roommate]." *Id.* at ¶ 12 (Ground One (e)). He contends that the abuse

prevention order "should have been a civil harassment order [pursuant to G.L. c. 258E] because the alleged victim and [Petitioner] were in a remote platonic rooming-house arrangement." *Id.* at ¶ 12 (Ground Four (a)). Petitioner complains that his "civil rights were violated under color of law of the State of Massachusetts on the basis of [his] race, [his] gender, origin and social status by giving a domestic restraining order for a non-domestic offense." *Id.* at ¶ 12 (Ground Three (a)).

Petitioner did not exhaust his state remedies alleging "no law [library] or computer access and no legal assistant available at the Worcester Sheriff's Office to help [petitioner file an] appeal." *Id.* at ¶ 12 (Ground One (b)). Petitioner also states that he lacked "financial means to appeal [his] case." *Id.* at ¶ 12 (Ground Three (d)(7)).

Petitioner states that he is "not aware of any legal process in the state criminal court [that would be] fast enough to stop the removal proceedings on the basis of [petitioner's] claims." *Id.* For relief, petitioner seeks to have this Court "vacate the matter for the violations of petitioner's federal/state constitutional rights and civil rights on the basis of gender, race, social class, [and] origin."

## II. PRELIMINARY REVIEW

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court ...." Rule 4 of the Rules Governing Section 2254 Cases. Thus, the Court has a duty to screen and summarily dismiss a habeas petition prior to any answer or other pleading when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). In considering whether Guillaume's petition clears this hurdle, the

Court liberally construes his petition because he is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

The function of habeas corpus is to secure release from illegal custody. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Therefore, this Court is only permitted to "entertain an application for a writ of habeas corpus ... on the ground that [Guillaume] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has held that "once the sentence imposed for a conviction has completely expired, the collateral consequences of a conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492 (1989).

## III. DISCUSSION

Guillaume's challenge is not to the order of removal, but to his earlier, state convictions. However, he is no longer in custody pursuant to the state orders and convictions challenged in this petition, as required for federal jurisdiction under the habeas statute.

Assuming that some, or all, of the state convictions are the basis for his removal, the immigration consequences of those state convictions are collateral and do not satisfy the "in custody" requirement for the instant habeas petition. As a result, the Court lacks jurisdiction over this action and dismissal is required. *See Maleng v. Cook*, 490 U.S. at 490.

The dismissal of this habeas action is without prejudice to any future attempt by petitioner to file a civil complaint against the Worcester County Sheriff, or others, seeking redress for the alleged violation of his civil rights. An action under 42 U.S.C. § 1983 is a proper remedy for constitutional challenges to the conditions of confinement, but not to the fact or

length of custody. *See Preiser*, 411 U.S. at 499; *see also* 28 U.S.C. § 2254(a); *Heck v. Humphrey*, 512 U.S. 477, 480-85 (1994).

IV.     **CONCLUSION**

Accordingly, Guillaume's federal habeas petition (Doc. No. 1) is DISMISSED with prejudice.[1]

**SO ORDERED.**

May 6, 2019                                              /s/ Allison D. Burroughs
                                                         ALLISON D. BURROUGHS
                                                         U.S. DISTRICT JUDGE

---

[1] Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability ("COA") upon entering a final adverse order. Because "reasonable jurists" could not "debate whether . . . the petition should have been resolved in a different manner," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and based on the circumstances described above, no certificate of appealability shall issue. No disposition besides dismissal is warranted based upon the fact that Guillaume is no longer in custody pursuant to the challenged state court orders.